NOT FOR PUBLICATION

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| STEVEN BALOGH, | Civil Action No. 06-5513(SDW) |
| Plaintiff, | |
| v. | |
| JASON VICKERY, BRIAN MIECZOWSKI, LT. THOMAS BRYAN, ROBERT ELLMEYER, JR., MICHEAL MICHALSKI, DOUGLAS FREEMAN, SCOT SOFIELD, and TOWNSHIP OF EDISON POLICE DEPARTMENT, | |
| | OPINION |
| Defendants. | December 3, 2009 |

**Wigenton, District Judge**

Before the Court are two Motions for Summary Judgment filed pursuant to Federal Rule of Civil Procedure 56 (the "Motions"). The Township of Edison Police Department (the "Police Department") filed the first of these motions (Police Dep't's Mot. for Summ. J.). Lieutenant Thomas Bryan and Officers Jason Vickery, Brian Mieczkowski, Robert Ellmeyer, Jr., Douglas Freeman, Michael Michalski, and Scot Sofield (collectively, the "Officers") filed the second motion for summary judgment (Officers' Mot. for Summ. J.). The Police Department and the Officers are collectively the "Defendants." The Motions seek to dismiss Steven Balogh's (the "Plaintiff") 42 U.S.C. § 1983 claims. The Motions are decided without oral argument as permitted by Federal Rule of Civil Procedure 78. For the following reasons, the Defendant Officers'

Motion for Summary Judgment is granted in part and denied in part and the Defendant Police Department's Motion for Summary Judgment is granted in its entirety.

## I. Jurisdiction and Venue

The Court has jurisdiction over the Plaintiff's case based on 42 U.S.C. § 1983 and 28 U.S.C. § 1331. Venue is proper under 28 U.S.C. § 1391(b).

## II. Factual Background

The Plaintiff was arrested on November 26, 2004 in Edison, New Jersey. (Officers' Mot. for Summ. J. 1.) The parties dispute what occurred at the scene of the arrest, but each arresting police officer's hand was injured (Officers' Ex. B 7-8.), and the Plaintiff was brought to Robert Wood Johnson University Hospital (Pl.'s Mot. in Opp'n for Summ. J. for Officers ¶ 8.)[1] There, the Plaintiff was diagnosed with multiple abrasions to the face, a hematoma to the left cheek, a swollen shut left eye, and a nasal bone fracture. (Pl.'s Ex. F 5.)

On December 1, 2004, the Plaintiff filed a complaint with the Internal Affairs Office at the Township of Edison Police Department, alleging police brutality, assault and false arrest against Officers Vickery and Mieczkowski. (Officers' Ex. F 1.) The matter was investigated by Lt. Bryan, Internal Affairs Division Commander, who found "no evidence to clearly prove that Officers Mieczkowski and Vickery assaulted Stephen Balogh." (*Id.* at 8.)

As a result of the arrest, the Plaintiff was charged with two counts of aggravated assault on a police officer, possession of Controlled Dangerous Substances (crack cocaine and drug paraphernalia), resisting arrest, hindering apprehension, and unlawful

---

[1] The Plaintiff did not file his Opposition to the Motions with the Clerk of the Court. The Court has filed same.

2

possession of a weapon. (Officers' Ex. H 1.) In 2006, the Plaintiff was found guilty in the Superior Court of New Jersey, Middlesex County, of third-degree possession of cocaine, N.J.S.A 2C:35-10a(1), and fourth-degree hindering apprehension or prosecution, N.J.S.A 2C:29-3b(3), and he was acquitted of the remaining counts. *State v. Balogh*, No. a2113-06, 2008 WL 4646902, at *1 (N.J. Super. A.D. Oct. 21, 2008). The Plaintiff's conviction was affirmed in the Appellate Division. *Id.*

The Plaintiff filed the Complaint before this Court on November 16, 2006 against Officers Vickery and Mieczkowski, the Police Department, and a number of John and Jane Does. (Compl.) The Complaint was amended on January 31, 2007 to include the other named Defendants. (Am. Compl.) As the Amended Complaint did not repeat the allegations made in the Complaint, the Court will read the two together in order to fully address the Plaintiff's claims because he is appearing *pro se*. It appears that the Plaintiff complains of four types of misconduct: first, that the Defendants fabricated and falsified evidence that was used to convict him in state court; second, that Officers Vickery and Mieczkowski illegally searched his vehicle and used excessive force in arresting him; third, that the misconduct of Officers Vickery and Mieczkowski was covered up by the other Officers; fourth, that the Police Department failed to properly train the Officers. While the Plaintiff asserts violations of his rights under the First, Fourth, Fifth, Sixth, Eighth, and Fourteenth Amendments, the Court will analyze the alleged misconduct under the applicable constitutional amendments.

### III. Summary Judgment Standard

Summary judgment is appropriate "if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue of material fact

and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). The "mere existence of *some* alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no *genuine* issue of *material* fact." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247-48 (1986) (emphasis in original).

A fact is only "material" for purposes of a summary judgment motion if a dispute over that fact "might affect the outcome of the suit under the governing law." *Id.* at 248. A dispute about a material fact is "genuine" if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Id.* The dispute is not genuine if it merely involves "some metaphysical doubt about the material facts." *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986).

The moving party must show that if the evidentiary material of record were reduced to admissible evidence in court, it would be insufficient to permit the non-moving party to carry its burden of proof. *Celotex Corp. v. Catrett*, 477 U.S. 317, 318 (1986). Once the moving party meets its initial burden, the burden then shifts to the non-movant who must set forth specific facts showing a genuine issue for trial and may not rest upon the mere allegations or denials of its pleadings. *Shields v. Zuccarini*, 254 F.3d 476, 481 (3d Cir. 2001). The need of the non-movant to conduct further discovery does not preclude summary judgment unless the non-movant demonstrates how the additional discovery would preclude summary judgment. *Dowling v. City of Philadelphia*, 855 F.2d 136, 139-40 (3d Cir. 1988).

"In considering a motion for summary judgment, a district court may not make credibility determinations or engage in any weighing of the evidence; instead, the

non-moving party's evidence 'is to be believed and all justifiable inferences are to be drawn in his favor.'" *Marino v. Industrial Crafting Co.*, 358 F.3d 241, 247 (3d Cir. 2004) (citing *Anderson*, 477 U.S. at 255).

## IV. Discussion

"By itself, Section 1983 does not create any rights, but provides a remedy for violations of those rights created by the Constitution or federal law." *Morse v. Lower Merion Sch. Dist.*, 132 F.3d 902, 906-07 (1997). The elements that a plaintiff must prove to establish liability are described in 42 U.S.C. § 1983 itself:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, or any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit, or other proper proceeding for redress.

42 U.S.C. § 1983.

For a claim to be cognizable within the scope of 42 U.S.C. § 1983, the claim must not collaterally attack a conviction for a crime in a state court. *Heck v. Humphrey*, 512 U.S. 477, 487 (1994). Where the alleged facts underlying a plaintiff's claims under 42 U.S.C. § 1983 surround the circumstances that led to his or her conviction, courts follow the Supreme Court's decision in *Heck v. Humphrey*. There, the Court decided that if:

> a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence [in state court, then ...] the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated. But if the district court determines that the plaintiff's action, even if successful, will *not* demonstrate the invalidity of any outstanding criminal judgment against the plaintiff, the action should be allowed to proceed, in the absence of some other bar to the suit.

*Id.*

5

A.  **Fourth Amendment**

Insofar as the Plaintiff's § 1983 Fourth Amendment claims assert that Officers Vickery and Mieczkowski unlawfully entered and searched his vehicle, this Court is bound not to inquire into whether the Plaintiff's constitutional rights were violated. Under *Heck*, the Court cannot review whether or not there was probable cause to search the Plaintiff's vehicle; the Appellate Division's rejection of the Plaintiff's criminal appeal was the last word on whether the evidence introduced at trial was obtained in conformity with the Constitution.[2] The constitutionality of the search forms part of the Plaintiff's conviction. *Heck* bars the Plaintiff's collateral attack of his state court conviction by impugning the constitutionality of the search. Thus, the Fourth Amendment claims based on the illegal search of the Plaintiff's vehicle are dismissed with prejudice.

On the other hand, insofar as the Plaintiff's § 1983 claims assert that Officers Vickery and Mieczkowski violated his Fourth Amendment rights through the use of excessive force in the course of his arrest, the Plaintiff alleges a constitutional violation that is not barred by *Heck*.[3] The Plaintiff's state court conviction did not address whether the force used by the Officers was reasonable, thus these claims could not call into question the Plaintiff's state court conviction.

"Where [...] the excessive force claim arises in the context of an arrest or investigatory stop of a free citizen," the Supreme Court stated in *Graham v. Connor*, 490 U.S. 386, 394 (1989), "it is most properly characterized as one invoking the protections

---

[2] Where a criminal defendant fails to raise an argument in a first appeal that issue is waived unless some exception applies. *U.S. v. Pultrone*, 241 F.3d 306, 307-08 (3d Cir. 2001); *U.S. v. Mornan*, 186 Fed.Appx. 192, 195 (3d Cir. 2006).

[3] While this claim was made in the Complaint as an Eighth Amendment violation, the Court notes that the Plaintiff also alleges that excessive force violates his Fourth Amendment Rights. (Pl.'s Mot. in Opp'n for Summ. J. for Officers 25.)

6

of the Fourth Amendment, which guarantees citizens the right to be secure in their persons against unreasonable seizures." (internal citations omitted). The Court noted that the government has the right to use force or threat of force in making arrests, so whether or not a person's Fourth Amendment rights have been violated is determined using a reasonableness standard. *Id.* at 395-96. Whether a given act was reasonable "must be judged from the perspective of a reasonable officer on the scene." *Id.* at 396. Relevant factors in this assessment include "the severity of the crime at issue, whether the suspect poses an immediate threat to the safety of the officers or others, and whether he is actively resisting arrest." *Id.*

There are genuine issues of material fact as to whether the Officers used excessive force, which preclude a grant of summary judgment. The Plaintiff and the Defendants agree that the Plaintiff was in his car when the Officers arrived and was on the ground outside of his vehicle prior to being arrested. (Pl.'s Mot. in Opp'n for Summ. J. for Officers ¶ 5; Officers' Mot. for Summ. J. ¶ 5; Police Dep't's Mot. for Summ. J. ¶ 3-6.) The Defendants allege that a struggle ensued inside the car, and that this caused the Plaintiff and Officer Mieczkowski to fall out of the vehicle to the ground. (Officers' Mot. for Summ. J. ¶ 5; Police Dep't's Mot. for Summ. J. ¶ 5.) The Plaintiff denies that there was a struggle and alleges instead that Officer Vickery punched, kicked and brutalized him in the car, and that, after this, Officer Mieczkowski grabbed him around the neck and pulled him out of the vehicle backwards. (Pl.'s Mot. in Opp'n for Summ. J. for Officers ¶ 5.) Officer Mieczkowski then, according to the Plaintiff, handcuffed his right arm and was beating him. (Pl.'s Mot. in Opp'n for Summ. J. for Officers ¶ 6.) The Plaintiff alleges that his injuries were sustained by punches, kicks, and a knee to the face

from Officers Vickery and Mieczkowski. (Pl.'s Mot. in Opp'n for Summ. J. for Officers ¶ 8.) The fact-finder must resolve these conflicting versions of events in order to determine whether the use of force by Officers Vickery and Mieczkowski was reasonable.

The Officers argue to no avail that under the Rooker-Feldman doctrine that this Court lacks subject matter jurisdiction over the Plaintiff's excessive force claim. (Officers' Mot. for Summ. J. 12.) *Rooker v. Fidelity Trust Co.*, 263 U.S. 413 (1923); *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462 (1983). Under the Rooker-Feldman doctrine, U. S. federal courts other than the Supreme Court have no subject-matter jurisdiction to sit in direct review of state court decisions where "the relief requested in the federal action would effectively reverse the state decision or void its ruling." *FOCUS v. Allegheny County Court of Common Pleas*, 75 F.3d 834, 840 (3d Cir. 1996). This Court has subject-matter jurisdiction over the Plaintiff's excessive force claims, notwithstanding the Rooker-Feldman doctrine, for the same reason as the Court is not barred from hearing this claim by *Heck*: the Plaintiff's state court conviction did not decide whether the force used by Officers Vickery and Mieczkowski was excessive or not.

### B. Fourteenth Amendment

In asserting his Fourteenth Amendment claims, the Plaintiff does not state what injury he suffered. That being said, to the extent that the Plaintiff's argument that his Fourteenth Amendment right to due process was violated by perjury and a cover-up of perjury, he has no claim under 42 U.S.C. §1983. The Plaintiff alleges that Lt. Bryan and Officers Ellmeyer, Michalski, Freemen, and Sofield covered up perjury committed by

8

Officers Vickery and Mieczkowski. A finding of a cover-up of perjury by prosecution witnesses must be predicated on the falsity of those statements and would render the criminal conviction invalid in the same manner as a finding of perjury itself. As such, this Court is barred under *Heck* from hearing arguments that could lead to such a conclusion, and these claims are dismissed with prejudice.

For the same reason, the Plaintiff's allegation of a cover-up of an illegal search is also barred by *Heck*. A finding of a cover-up would imply that the search was unconstitutional. These claims are dismissed with prejudice.

However, to the extent that the Plaintiff's § 1983 claims are based upon the allegation that Lt. Bryan and Officers Ellmeyer, Michalski, Freeman, and Sofield violated his Fourteenth Amendment rights by engaging in a cover-up of the use of excessive force, those claims are not barred by *Heck*. The existence of a cover-up of the use of excessive force by the police is not inconsistent with the jury's finding that the Plaintiff was guilty. "Cover-ups that prevent a person who has been wronged from vindicating his rights violate the right of access to the courts protected by the substantive due process clause." *Estate of Smith v. Marasco*, 318 F.3d 497, 511 (3d Cir. 2003). If the Plaintiff proves his allegation that some of the Officers covered up the use of excessive force by Officers Vickery and Mieczkowski, then this would constitute interference with the Plaintiff's ability to assert his Fourth Amendment right to be secure in his person. For these reasons, these claims survive summary judgment.

C.   **First, Fifth, Sixth, and Eighth Amendments**

The Plaintiff's remaining assertions that the Officers violated his rights under the First, Fifth, Sixth, and Eighth Amendments cannot be the basis of his claims under § 1983, and these claims are dismissed with prejudice.

The Plaintiff has not alleged a *prima facie* violation of his First Amendment rights. The right to petition the government for the redress of grievances under the First Amendment includes a right to access the court system. Unlike the due process clause of the Fourteenth Amendment, the First Amendment has not been extended to include a right against having the truth concealed by officials. *See Marasco*, 318 F.3d at 512.

The Plaintiff has also not shown a violation of any right guaranteed by the Fifth Amendment. The Fifth Amendment's guarantee that no person shall be deprived of life, liberty, or property without due process of law is a right that can only be asserted in the face of some federal action. The Defendants here were acting as agents of the State of New Jersey, not the federal government.

A claim under § 1983 also cannot be predicated on a violation of the Plaintiff's rights under the Sixth Amendment, as the rule in *Heck* bars the Court from hearing evidence of such a violation. First, the Plaintiff's allegation that the indictment against him was produced by false testimony from Officer Vickery is foreclosed by his failure to argue the issue in his appeal. In the course of that appeal, the state appellate court upheld the indictment in the face of other challenges by the Plaintiff. *Balogh*, 2008 WL 4646902, at *1, 13. Second, the Plaintiff's claim that his right to confront Officer Vickery at trial was violated has already been addressed during the appeal from his

criminal conviction. As such, this Court cannot consider the issue as part of a claim under § 1983 while his conviction stands.

The Plaintiff has also not established a violation of his rights under the Eighth Amendment. The Supreme Court has stated that where an excessive force complaint arises in relation to an arrest, a plaintiff has no claim under the Eighth Amendment. *Graham*, 490 U.S. at 395. The protection of the Eighth Amendment, which is less than that of the Fourth Amendment, applies "only after the State has complied with the constitutional guarantees traditionally associated with criminal prosecutions." *Graham*, 490 U.S. at 398 (citing *Ingraham v. Wright*, 430 U.S. 651, 671, n.40 (1977)). As the Plaintiff was not convicted of a crime at the time of the alleged excessive force, the Eighth Amendment does not apply. Thus, the Plaintiff's § 1983 claims cannot be founded on this ground.

### D.     The Township of Edison Police Department

Even construing the Complaint and Amended Complaint liberally, neither of the allegations made by the Plaintiff that the Police Department violated his constitutional rights states a claim under § 1983 that survives summary judgment. First, the Plaintiff alleges that the Police Department is vicariously liable for the improper actions of the Officers. Second, the Plaintiff alleges that the Police Department is directly liable because it trained the Officers improperly and thereby caused the violations of the Plaintiff's rights under the First, Fourth, Fifth, and Fourteenth Amendments.

The first basis on which the Plaintiff seeks to recover from the Police Department does not avail him because there is no vicarious liability for claims under § 1983. "A defendant in a civil rights action must have personal involvement in the alleged wrongs;

liability cannot be predicated solely upon a theory of respondeat superior." *Rode v. Dellarciprete*, 845 F.2d 1195, 1207 (3d Cir. 1988). As the Supreme Court stated, "Congress did not intend municipalities to be held liable [under 42 U.S.C. § 1983] unless action pursuant to official municipal policy of some nature caused a constitutional tort." *Monell v. Department of Social Services of City of New York*, 436 U.S. 658, 690 (1978). The claims for vicarious liability are therefore dismissed with prejudice.

The Plaintiff's second allegation, that the Police Department improperly trained its Officers or that the Department was otherwise liable for causing the Officers to violate the Plaintiff's rights, does not raise a genuine issue of material fact. "Proof of a single incident of unconstitutional activity [by employees] is not sufficient to impose liability [on the municipality]." *City of Oklahoma City v. Tuttle*, 471 U.S. 808, 818 (1985) (plurality opinion). Rather, a plaintiff must establish a pattern of constitutional violations or that the cause of the tort was an unconstitutional policy traceable to a municipal policymaker. *Id.* at 824. "[T]he inadequacy of police training may serve as the basis for § 1983 liability only where the failure to train amounts to deliberate indifference to the rights of persons with whom the police come into contact." *City of Canton, Ohio v. Harris*, 489 U.S. 378, 388 (1989).

The Plaintiff's allegation that the Police Department's training of the Officers was deficient is not supported by any evidence that could lead a reasonable jury to return a verdict for the Plaintiff. The Plaintiff has not alleged that the Department was deliberately indifferent in training its employees. Nor has the plaintiff alleged that some other custom or policy of the Department caused the Officers to use excessive force or to cover-up wrongful activity. As such, summary judgment on this issue in favor of the

Police Department is appropriate, and the claims of direct liability against the Department are dismissed with prejudice.

### V. Conclusion

For the reasons stated above, the Defendant Officers' Motion for Summary Judgment is granted in part and denied in part and the Defendant Police Department's Motion for Summary Judgment is granted in its entirety. The only surviving claims are those for the use of excessive force by Officers Vickery and Mieczkowski and the cover-up of the use of that excessive force by the other Officers. An appropriate Order follows.

S/Susan D. Wigenton, U.S.D.J.

Orig: Clerk
Cc: Madeline Cox Arleo, U.S.M.J.
   Parties